IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IVORY JOE TISDALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:24CV166 |
| | ) |
| T.A. WEAVIL, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina who was also convicted in this Court in case 1:20CR209-1, submitted a *pro se* complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names as Defendants Guilford County Sheriff's Department Detective T.A. Weavil, Guilford County Sheriff Danny Rogers, Assistant United States Attorney Veronica L. Edminsten, and Guilford County Assistant District Attorney Stephen W. Coles. The Complaint alleges that Defendant Weavil falsified evidence that led to a search of Plaintiff's residence and his arrest, prosecution, and conviction on charges in both this Court and the Guilford County Superior Court. Defendants Edminsten and Coles oversaw the prosecutions in the respective courts. Plaintiff seeks several million dollars in damages as a result of his convictions and incarceration.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this

Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. [1]

As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and fails to state a claim upon which relief may

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

be granted and because it seeks monetary damages from Defendants with immunity from such relief.

As an initial matter, the Court notes that Plaintiff is attempting to undermine his convictions and sentences in state and federal court. Plaintiff may not do so without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, in fact, this Court notes that Plaintiff remains incarcerated on the state court charges and that the convictions and sentences incurred in this Court in case 1:20CR209-1 remain in place. Therefore, dismissal is proper for this reason alone.[2]

Also, Plaintiff names both state and federal prosecutors as Defendants in this action. However, prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Plaintiff's claims against Defendants Edminsten and Coles should be dismissed for this additional reason.

Finally, Plaintiff's current filing basically constitutes a refiling of case 1:23CV29 in which he named the same Defendants except Defendant Rogers based on essentially the same allegations. That case was dismissed under § 1915A for the same reasons set out

---

[2] The Court notes that Plaintiff has filed a Motion to Vacate under 28 U.S.C. § 2255, which was recently briefed and referred for consideration. That Motion remains under consideration. However, Plaintiff cannot undermine his conviction or sentence using this § 1983 suit, and the Heck bar will apply to claims that would imply the invalidity of the convictions, unless and until relief is granted in the § 2255 proceeding and in the state proceeding for the convictions he is challenging.

above. Plaintiff's refiling of a clearly meritless lawsuit is itself frivolous and constitutes yet another ground for dismissal.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $15.93. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $15.93.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2024, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against defendants who are immune from such relief.

This, the 29th day of April, 2024.

/s/ Joi Elizabeth Peake
United States Magistrate Judge